**WO** JDN

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Kenneth Nello Brown,
Plaintiff,
vs.
Maricopa County,
Defendant.

No. CV 05-0218-PHX-SMM (MEA)

**ORDER**

Plaintiff, currently confined in the Special Management Unit - Eyman, of the Arizona State Prison in Florence, Arizona, has filed a *pro se* First Amended Complaint pursuant to 42 U.S.C. § 1983. The Court will dismiss the action.

**A. Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court is required to grant leave to amend "if a complaint can

possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129. A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected. Id. at 1130. By Order filed March 28, 2005, the Court granted leave to amend to cure deficiencies in Plaintiff's Complaint (Doc. # 5). Plaintiff's First Amended Complaint will be dismissed *without* leave to amend because Plaintiff has failed to cure the deficiencies.

**B. First Amended Complaint.**

Plaintiff's action concerns his previous confinement in a Maricopa County jail. Plaintiff names the County of Maricopa as the sole Defendant. In Count I, Plaintiff alleges that three men were housed in a two man cell and Plaintiff was forced to sleep on the floor, which caused lower back problems. In Count II, Plaintiff contends that he was exposed to inmates with contagious diseases. And in Count III, Plaintiff alleges that he received outdated and spoiled food. For relief, Plaintiff seeks monetary damages.

**C. Failure to State a Claim.**

Leave to amend need not be given if a complaint as amended is subject to dismissal. Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny or grant leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. See Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996). Failure to cure deficiencies by previous amendments is one of the factors to be considered in deciding whether justice requires granting leave to amend. Moore, 885 F.2d at 538. By Order filed March 28, 2005, the Court dismissed Plaintiff's Complaint with leave to amend on the grounds that Plaintiff named an improper Defendant (Doc. # 5). In its Order, the Court stated that Plaintiff may be able to name a person or entity that is subject to suit, and identified the allegations necessary to name an entity such as the county. The Order also set forth the pleading requirements to name a person in either his official capacity or his individual capacity.

In his First Amended Complaint Plaintiff has failed to abide by those pleading requirements. Plaintiff names Maricopa County as the sole Defendant, however, Plaintiff

fails to allege that a municipal policy or custom caused a constitutional injury. Consequently, Maricopa County cannot be held liable and must be dismissed. The deficiency in Plaintiff's First Amended Complaint is the same deficiency addressed by the Order of March 28, 2005. Accordingly, the First Amended Complaint will be dismissed and the Court will deny leave to amend.

**IT IS THEREFORE ORDERED that:**

(1) The First Amended Complaint (Doc. # 6) and this action are dismissed for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and the Clerk of Court shall enter judgment accordingly.

(2) The Clerk of Court shall make an entry on the docket in this matter indicating that the dismissal for failure to state a claim falls within the purview of 28 U.S.C. § 1915(g).

DATED this 1st day of December, 2005.

Stephen M. McNamee
Chief United States District Judge